UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| EDWARD POFF, individually and on behalf of other persons similarly situated who were employed by THE PORTELA LAW FIRM, P.C. and MANUEL PORTELA and/or any other entities affiliated with or controlled by THE PORTELA LAW FIRM, P.C. and MANUEL PORTELA, <br><br> Plaintiffs, <br><br> - against - <br><br> THE PORTELA LAW FIRM, P.C. and MANUEL PORTELA, and/or any other entities affiliated with or controlled by THE PORTELA LAW FIRM, P.C. and MANUEL PORTELA, <br> Defendants. | Case No. 13-cv-1317 (SLT)(JO) <br><br> **FIRST AMENDED** <br> **CLASS ACTION COMPLAINT** |
|---|---|

The Named Plaintiff, by his attorneys Virginia & Ambinder, LLP and Maurice S. Pianko, Esq., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to "FLSA"), 29 U.S.C. § 207 and 216(b), New York Labor Law Article 19 § 663, New York Labor Law Article 6 §§ 190 *et seq.*, 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 142-2.2, to recover unpaid minimum wages and overtime wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by THE PORTELA LAW FIRM, P.C. and MANUEL PORTELA and/or any other entities affiliated with or controlled by THE PORTELA LAW FIRM, P.C. and MANUEL PORTELA (hereinafter collectively as "Defendants").

2. Beginning in approximately March 2007, and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and

other similarly situated individuals who worked for Defendants.

3. Beginning in approximately March 2007, and, upon information and belief, continuing through the present, Defendants have wrongfully classified Plaintiff and others similarly situated as exempt from overtime wages.

4. Beginning in approximately March 2007, and, upon information and belief, continuing through the present, Defendants have failed to provide minimum wage and overtime compensation to its employees for all hour worked in excess of 40 hours in any given week.

5. Under the direction of Defendants' shareholder, corporate officer, and/or director, Manuel Portela, Defendants instituted this practice of depriving their employees of the basic compensation for work performed as mandated by federal and state law.

6. Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including minimum wage and overtime compensation, which they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

8. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

9. The Named Plaintiff, Edward Poff ("Poff"), is an individual who is currently a

resident of New York, New York.

10. Poff was employed by Defendants from approximately November 2011 until May 2012.

11. Although the Defendants misclassified Poff as an unpaid intern, Poff is a covered employee within the meaning of the FLSA and the NYLL.

12. Upon information and belief, Defendant Portela Law Firm is a Professional Corporation organized and existing under the laws of the State of New York, with its principal place of business at 177 Wadsworth Ave., New York New York 10033-3879, with additional offices located at 415 Madison Avenue, New York, New York 10017 and 82nd Street, Jackson Heights, New York 11372, and is engaged in the practice of law.

13. Upon information and belief, Defendant Manuel Portela is a resident of 177 Wadsworth Ave., New York, New York 10033-3879, and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of the Portela Law Firm.

14. Throughout the relevant period, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to hiring, firing, and other employment practices that applied to unpaid interns.

15. Defendants uniformly apply the same employment policies, practices, and procedures to all unpaid interns who work at Defendants' three office location.

16. Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell or work on goods or materials that have been moved in or produced for interstate commerce.

17. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## **CLASS ALLEGATIONS**

18. The Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 17 hereof.

19. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

20. This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who worked for Defendants and were misclassified as interns.

21. The Named Plaintiff and putative class members who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned wages; (2) misclassifying Plaintiff and members of the putative collection action as exempt from minimum wage and overtime compensation; (3) failing to provide minimum wages for work performed by Plaintiff and other members of the putative collective action; and (4) failing to provide overtime wages, at a rate of one and one half times the regular rate of pay, for all time worked in excess of 40hours in any given week.

22. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees. In addition, the names of all potential members of the putative class are not known.

23. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay Plaintiff and members of the putative class all earned wages; (2) whether the Defendants misclassified Plaintiff and members of the putative class as exempt from minimum and overtime wages; (3) whether the Defendants required

Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated; and (4) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay for all hours worked in excess of 40 hours in any given week in violation of federal and state law.

24. The claims of the Named Plaintiff are typical of the claims of the putative class action members. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned minimum wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of the Defendants' actions.

25. The Named Plaintiff and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation. Finally, a class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

27. Upon information and belief, beginning in or around March 2007, the Defendants employed Plaintiff and putative class members to perform various office tasks, such as answering telephones, making photocopies, making deliveries, preparing coffee, cleaning the

office, stuffing envelopes, and other similar duties.

28. Defendants did not provide any compensation to Plaintiff and putative class members for this work performed.

29. Defendants have benefitted from the work that Plaintiff and the putative class members performed.

30. Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiff and the putative class members not performed work for Defendant.

31. Defendants did not provide academic or vocational training to Plaintiff or the putative class members.

32. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State Law by failing to maintain proper and complete timesheets or payroll records.

33. Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and the Putative Class Members' compensation in violation of the FLSA and NYLL.

34. Defendant's unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Putative Class Members.

35. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting the same, The Portela Law Firm constitutes an "enterprise engaged in commerce."

36. Upon information and belief, while working for Defendants, the Named Plaintiff and putative class members were regularly required to perform work for Defendants, without

receiving minimum wages for all hours worked as required by applicable federal and state law.

37. Upon information and belief, while working for Defendants, the Named Plaintiff and Putative Class Members were regularly required to perform work for Defendants, without receiving overtime compensation although they routinely worked in excess of 40 hours each week, as required by applicable federal and state law.

38. Specifically, Named Plaintiff Poff was employed by Defendants from May 2011 until November 2011.

39. The first three months he worked approximately three to five days per week from 9 a.m. until 6 p.m.; the latter three months he worked once a week from 9 a.m. until 6 p.m.

40. During Plaintiff's term of employment, his duties primarily consisted of answering the phones, stuffing envelopes, writing holiday cards, filing papers, making deliveries, and cleaning the office.

41. Not only was Plaintiff not paid any wages during his employment, but he was not compensated for transportation costs incurred from making deliveries on behalf of Defendants.

42. Plaintiff sometimes worked more than 40 hours each week, yet did not receive overtime wages at time and one-half his regular hourly wage for all the hours over 40 that he worked each week.

43. Plaintiff was not paid any wages, and thus was not compensated at a rate in compliance with the statutory minimum wage rate.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

44. The Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 43 hereof.

45. Defendant has engaged in a widespread pattern, policy, and practice of violating

the FLSA, as detailed in this Class Action Complaint.

46. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than – (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

47. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, The Portela Law Firm constitutes an "employer" and, consequently, is liable for violations of the FLSA.

48. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Manuel Portela constitutes an "employer" and, consequently, is liable for violations of the FLSA.

49. The Named Plaintiff and other members of the putative class were employees, within the meaning contemplated in the FLSA, 29 U.S.C. §203(e).

50. Defendants employed Plaintiff and Putative Class Members within the meaning of 29 U.S.C. § 206(g).

51. Plaintiffs and other members of the putative collective action, during all relevant times, engaged in commerce or in the production goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

52. None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff or other similarly situated employees.

53. Defendants failed to pay the Named Plaintiff and other members of the putative class minimum wages for all hours worked in violation of 29 U.S.C. § 206.

54. The failure of Defendants to pay the Named Plaintiff and Putative Class Members their rightfully-owed wages was willful.

55. By the foregoing reasons, Defendants are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

56. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 55 hereof.

57. Pursuant to 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

58. The Portela Firm and Manuel Portela are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

59. Plaintiff and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. §203(e).

60. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action overtime wages at a rate of one and one-half times the normal rate of pay for all hours worked over 40 in any given week.

61. Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative collective action their rightfully owed wages was willful.

62. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK MINIMUM WAGE COMPENSATION

63. The Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 62 hereof.

64. Title 12 NYCRR § 137-1.2 states that, "[t]he basic minimum hourly rate shall be: (a) $5.15 per hour on and after March 31, 2000; (b) $6.00 per hour on and after January 1, 2005; (c) $6.75 per hour on and after January 1, 2006; (d) $7.15 per hour on and after January 1, 2007; (e) $7.25 per hour on and after July 24, 2009; or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

65. New York Labor Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

66. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

67. As persons employed for hire by Defendants, the Named Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 651.

68. Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

69. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases

interpreting same, The Portela Law Firm is an "employer."

70. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, Manuel Portela is an "employer."

71. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiff and members of the putative class.

72. Defendants failed to pay the Named Plaintiff and other members of the putative class minimum wages for all hours works, in violation of Title 12 NYCRR § 137-1.2 and Labor Law § 663.

73. Upon information and belief, Defendants' failure to pay the Named Plaintiff and Putative Class Members minimum wages was willful.

74. By the foregoing reasons, Defendants have violated Title 12 NYCRR § 137-1.2 and Labor Law § 663, and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, interest, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
NEW YORK OVERTIME COMPENSATION**

75. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 74 hereof.

76. The Portela Firm and Manuel Portela are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

77. Plaintiffs and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

78. 2 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate...."

79. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

80. Upon information and belief, Plaintiffs and other members of the putative class worked more than forty hours a week while working for Defendants.

81. Upon information and belief, Plaintiffs and other members of the putative class action did not receive overtime compensation for all hours worked in excess of forty hours in any given week.

82. Consequently, by failing to pay to Plaintiffs and other members of the putative class action overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

83. Upon information and belief, Defendants' failure to pay overtime compensation to the Plaintiffs and members of the putative class action was willful.

84. By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and members of the putative class action in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

85. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 84 hereof.

86. Pursuant to Article Six of the New York Labor Law, workers, such as the Named

Plaintiffs and other members of the putative class, are protected from wage underpayments and improper employment practices.

87. Pursuant to New York Labor Law § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than… $5.15 on and after March 31, 2000, $6.00 on and after January 1, 2005, $6.75 on and after January 1, 2006, $7.15 on and after January 1, 2007."

88. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

89. As persons employed for hire by Defendants, Plaintiffs are "employees," as understood in Labor Law § 190.

90. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

91. As entities that hired the Plaintiffs, The Portela Firm and Manuel Portela are "employers."

92. Plaintiffs' agreed upon wage rate and/or minimum wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191, and 652.

93. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the Named Plaintiffs and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

94. In failing to pay the Named Plaintiffs and other members of the putative class minimum wages and overtime payments for time worked after forty hours in one week,

Defendants violated Labor Law § 191.

95. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as the Named Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee."

96. By withholding minimum wages, and overtime compensation from the Named Plaintiffs and other members of the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to the Named Plaintiffs and other members of the putative class.

97. Pursuant to New York Labor Law § 663, "If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

98. By withholding minimum wages, and overtime compensation from the Named Plaintiffs and other members of the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to the Named Plaintiffs and other members of the putative class.

99. Upon information and belief, Defendants' failure to pay the Named Plaintiffs and other members of the putative class minimum wages and overtime compensation was willful.

100. By the foregoing reasons, Defendants have violated New York Labor Law § 198

and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by THE PORTELA LAW FIRM and/or MANUEL PORTELA, seeks the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) on their fourth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(5) on their fifth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(6) together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
March 18, 2013

VIRGINIA & AMBINDER, LLP

By: *[signature]*
Lloyd Ambinder
Suzanne Leeds
111 Broadway, Suite 1403
New York, New York 10006
Tel:   (212) 943-9080

Fax: (212) 943-9082
lambinder@vandallp.com

Maurice Pianko, Esq.
73 Mountainview Bldv.
Wayne, New Jersey 07470
Tel: (973) 692-8457
Fax: (973) 689-8874
mpianko@verismols.com

*Attorneys for Plaintiffs and Putative Class*